UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6984-DMG (MRWx)** | Date | January 6, 2022 |
|---|---|---|---|
| Title | ***Jeremy Holland v. Bharat Bhattarai, et al.*** | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. sections 12010-12213, and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code sections 51-53. As the Court has only supplemental jurisdiction over the Unruh Act claim for construction-related disability access,[1] and in light of California's statutory efforts to curb abuses relating to such claims, the Court ordered Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim asserted in the Complaint. *See* 28 U.S.C. §§ 1367(c)(2) & (c)(4).

Having reviewed and considered Plaintiff's response to the Court's Order to Show Cause, the Court declines to exercise supplemental jurisdiction over the state law claims. In light of the comity concerns described in the Court's prior orders in similar cases,[2] the Court determines that there are exceptional circumstances and compelling reasons under section 1367(c)(4) to refrain from exercising supplemental jurisdiction. *See Exec. Software N. Am. Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994).

---

[1] Plaintiff also brings Disabled Persons Act, Health & Safety Code, and negligence claims.

[2] *See, e.g., Langer v. Mobeeus, Inc.*, No. CV 19-2680-DMG (JCx), 2020 WL 641771 (C.D. Cal. Jan. 2, 2020); *Whitaker v. Montgomery*, No. CV 19-9279-DMG (RAOx), 2019 WL 7877358 (C.D. Cal. Nov. 25, 2019); *Uriarte-Limon v. John Anthony Enterprises*, No. CV 19-2012-DMG (SHKx), 2019 WL 8161167 (C.D. Cal. Nov. 6, 2019); *see also Arroyo v. Rosas*, ---F.4th---, 2021 WL 5858598, at *7 (9th Cir. Dec. 10, 2021) (affirming that the "very substantial threat to federal-state comity" presented by an Unruh Act plaintiff's evasion of California's limitations on Unruh Act damages in a similar case may constitute an "exceptional circumstance" under section 1367(c)(4)).

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-6984-DMG (MRWx)** | Date | January 6, 2022 |
| Title | ***Jeremy Holland v. Bharat Bhattarai, et al.*** | Page | 2 of 2 |

The Court therefore dismisses the state law claims without prejudice.  *See* 28 U.S.C. §§ 1367(c)(2) & (c)(4).

**IT IS SO ORDERED.**